IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**AN'TONIO LONELL BARNES, #73449**                                                                    **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 5:09-cv-102-DCB-MTP**

**JACQUELYN BANKS, GABRIEL WALKER,**
**CONNIE GAINES AND MIKE LOLLIS**                                         **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Barnes, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi filed this *in forma pauperis* Complaint pursuant to 42 U.S.C. § 1983 on June 18, 2009. The named defendants are Jacquelyn Banks, Warden; Gabriel Walker, Assistant Warden; Connie Gains, Assistant Shift Supervisor; and Mike Lollis, Supervisor. Upon liberal review of the Complaint [1], and the Motion to Amend [6], the Court has reached the following conclusions.

<u>Background</u>

Plaintiff complains that Assistant Warden Walker used racially defamatory language towards the Plaintiff on October 20, 2008. Plaintiff states that he filed a "complaint on sensitive issue" with the Administrative Remedy Program regarding this incident and did not receive a response. *Comp*. [1], p.6. Plaintiff further states that he believes his grievance was destroyed by prison personnel. Plaintiff alleges that on November 11, 2008, Assistant Shift Supervisor Gaines "made a racially defamatory statement" towards him and others in the dining hall. *Comp*. [1], p.11. Plaintiff complains that Shift Supervisor Lollis heard the

statement and laughed at the remark. Plaintiff alleges that he wrote a letter to Warden Banks regarding this issue to no avail. On July 20, 2009, Plaintiff filed a Motion to Amend [6] wherein he alleges that on July 11, 2009, Assistant Shift Supervisor Gaines directed a racially defamatory statement to him in a boisterous and loud manner. *Mot.* [6], p.2. As relief in this action, Plaintiff is requesting monetary damages. *Comp*. [1], p.4.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev*., 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). For the reasons stated below, the Court has determined that Plaintiff's allegations do not rise to the level of a constitutional deprivation.

"[A]s a rule, mere threatening language and gestures of a custodial office[r] do not,

2

even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir.1993)(stating that allegations of verbal abuse as well as threatening language and gestures on the part of a correctional officer do not rise to the level of a constitutional violation). The Fifth Circuit has further held that an "officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation." *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.1999), *clarified on reh'g on other grounds*, 186 F.3d 633 (5th Cir.1999). "Where the conduct at issue consists solely of speech, there is no equal protection violation." *Id*.

Furthermore, a prisoner does not have a constitutional right to a grievance procedure, nor does a prisoner have "a federally protected liberty interest in having [his] grievance resolved to his satisfaction." *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005); *see also, Jones v. Livingston*, 2005 WL 3618316, at *3 (S.D.Tex. Jan. 6, 2005)("the fact that [supervisory prison official] did not respond to, or denied, plaintiff's grievances does not, alone, state a claim . . . "); *Anderson v. Pratt*, 2002 WL 1159980, at *3 (N.D.Tex. May 29, 2002)(Warden's review and denial of grievance did not show personal involvement in deprivation of constitutional rights). Since Plaintiff "relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger*, 404 F.3d at 374.

## Conclusion

Liberally construing this Complaint, the Court has determined that the Plaintiff's

allegations simply do not rise to the level of a constitutional deprivation. Consequently, this § 1983 action will be dismissed with prejudice as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

### Three-strikes

Because this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the  21st   day of September, 2009.


                         s/David Bramlette
                         UNITED STATES DISTRICT JUDGE